IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


UNITED STATES OF AMERICA,  )
                           )    CRIMINAL ACTION NO.
    v.                     )     2:17cr131-MHT
                           )        (WO)
HANNAH SILAS               )

### OPINION AND ORDER

This cause is before the court on the parties' joint motion to continue trial, filed by the government. Based on the arguments on the record on September 25, 2017, and for the reasons set forth below, the court finds that jury selection and trial, now set for October 3, 2017, should be continued pursuant to 18 U.S.C. § 3161(h)(7) as to defendant Hannah Silas.

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the

interest of the public and Silas in a speedy trial. According to the parties' representations at the status conference, Silas is under consideration for placement in a "pre-trial diversion" program, but the government needs additional time to finalize that placement. A continuance is warranted and necessary to allow the government time to approve Silas's placement in such a program, or, if that placement is unsuccessful, to allow the parties, whose counsel both have been diligent in their preparation for trial, to prepare adequately and effectively for trial. The parties have jointly moved for such a continuance.

***

Accordingly, it is ORDERED as follows:

(1) The joint motion for continuance (doc. no. 219) is granted as to defendant Hannah Silas.

(2) The jury selection and trial for defendant Silas, now set for October 3, 2017, are reset for December 4, 2017, at 10:00 a.m., in Courtroom 2FMJ of

the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 27th day of September, 2017.

     /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE