IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:17cr131-MHT |
| | ) | (WO) |
| HANNAH SILAS | ) | |

OPINION AND ORDER

This cause is before the court on the parties' joint motion to continue trial. For the reasons set forth below, the court finds that jury selection and trial, now set for December 4, 2017, should be continued pursuant to 18 U.S.C. § 3161(h)(1)(A).

While the granting of a continuance is left to the sound discretion of the trial judge, *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making

> public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). The Act also excludes from the 70-day period any continuance based on "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant." § 3161(h)(1)(A).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Silas in a speedy trial. Here, the magistrate judge entered an order granting the government's motion for an evaluation of Silas's competency to stand trial, and committed her to the custody of the Attorney General for that purpose. The order provides that a mental-health evaluation report

is to be submitted to the court no later than 60 days after Silas's arrival at the facility where she will be evaluated. In addition, defense counsel represented at a telephone conference on October 27, 2017, that U.S. Marshals informed him that it could take several weeks for Silas to be transferred to an appropriate facility for her evaluation. The combined period necessary to transfer Silas and for the evaluation report to be completed and submitted could take several months. A continuance is warranted and necessary because the proceedings have been delayed by an "examination[] ... to determine the mental competency ... of the defendant." § 3161(h)(1)(A). The parties have, therefore, jointly moved for such a continuance.

***

Accordingly, it is ORDERED as follows:

(1) The joint motion for continuance (doc. no. 258) is granted.

(2) The jury selection and trial for defendant Hannah Silas, now set for December 4, 2017, are reset

for March 12 2018, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 30th day of October, 2017.

                                   /s/ Myron H. Thompson
                              **UNITED STATES DISTRICT JUDGE**